

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| vs. § | Criminal Action No. 3:20-519-MGL-1 |
| § | |
| KWATEZ SEVEN CARTER, § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTIONS FOR COMPASSIONATE RELEASE**

### I.  INTRODUCTION

Pending before the Court are Defendant Kwatez Seven Carter's (Carter) pro se motions for compassionate release.  Having carefully considered the motions, the response, the record, and the applicable law, it is the judgment of the Court the motions will be denied.

### II.  FACTUAL AND PROCEDURAL HISTORY

Pursuant to a Federal Rule of Civil Procedure 11(c)(1)(C) plea agreement, Carter pled guilty to felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (Count One), as well as possession or use of a firearm during, in relation to, or in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Three).

At sentencing, Carter received a total offense level of fifteen and four criminal history points, which resulted in a criminal history category of III.  Together, this meant Carter's Guideline range was twenty-four to thirty months as to Count One and sixty months as to Count Three.  The

Court, however, adopted the stipulated sentence contained in the plea agreement and sentenced Carter to a total of ninety-seven months of imprisonment, followed by three years of supervised release. The Court later reduced Carter's sentence to ninety-four months of imprisonment. He has a projected release date of April 9, 2027.

Carter recently filed these motions for compassionate release. The government responded, but Carter neglected to reply. Having been fully briefed on the relevant issues, the Court will now adjudicate the motions.

### III.     STANDARD OF REVIEW

After a defendant has exhausted his administrative remedies, "[a] district court analyzes [his] compassionate release motion in two steps." *United States v. Moody*, 115 F.4th 304, 310 (4th Cir. 2024).

"First, the [C]ourt must determine [the defendant] is eligible for a sentence reduction because he has shown 'extraordinary and compelling reasons' for release." *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024) (citing *United States v. Hargrove*, 30 F.4th 189, 194–95 (4th Cir. 2022)); 18 U.S.C. § 3582(c)(1)(A)(i). In doing so, the Court considers whether the extraordinary and compelling reasons set forth by the defendant are "consistent with applicable policy statements issued by the [United States] Sentencing Commission" (Sentencing Commission). 18 U.S.C. § 3582(c)(1)(A)(ii).

The policy statement identifies six circumstances that, individually or in combination, may provide extraordinary and compelling reasons for a sentence reduction: (1) certain medical circumstances of the defendant; (2) the defendant's age and conditions related thereto; (3) the defendant's family circumstances; (4) the fact the defendant, while in custody, was the victim of

sexual or physical abuse committed by, or at the direction, of a correctional officer; (5) the presence of "any other circumstance or combination of circumstances . . . similar in gravity to" other enumerated circumstances; and (6) under certain circumstances, where there has been a qualifying change in law. U.S.S.G. § 1B1.13(b).

"Second, the [C]ourt [must] consider[] whether the 18 U.S.C. § 3553(a) [(Section 3553(a))] sentencing factors support relief." *Moody*, 115 F.4th at 310 (citing *United States v. Bond*, 56 F.4th 381, 383 (4th Cir. 2023)). "District courts 'enjoy broad discretion' in evaluating the [Section] 3553(a) factors when deciding a motion for compassionate release." *Id.* (quoting *United States v. Bethea*, 54 F.4th 826, 834 (4th Cir. 2022)).

### IV.     DISCUSSION AND ANALYSIS

#### A.     *Whether Carter presents extraordinary and compelling reasons warranting a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i)*

As an initial matter, Carter has exhausted his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining a defendant may bring a motion for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of [thirty] days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"). The Court will thus turn to the merits of his motion.

##### 1.     *Whether a change in the law constitutes an extraordinary and compelling reason*

Carter asserts the enactment of Amendment 829 to the Guidelines is an extraordinary and compelling reason for compassionate release. He evidently relies on U.S.S.G. § 1B1.13(b)(6), which states:

> If a defendant received an unusually long sentence and has served at least [ten] years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Even assuming Carter received an unusually long sentence, he has yet to serve at least ten years of his sentence. This alone renders U.S.S.G. § 1B1.13(b)(6) inapplicable.

Moreover, the effective date of Amendment 829 is November 1, 2024, and the Sentencing Commission has yet to declare it retroactive. *See, e.g.*, *United States v. John*, No. 21-cr-134, 2024 WL 5155627, at *3 (S.D.N.Y. Dec. 18, 2024) ("Amendment 829 is not retroactive."); U.S.S.G. § 1B1.10(d) (neglecting to identify Amendment 829 as a basis for sentence reduction).

As the Court indicated above, U.S.S.G. § 1B1.13(b)(6) provides "amendment[s] to the [U.S.S.G.] that [have] not been made retroactive" fail to constitute a qualifying change in law. U.S.S.G. § 1B1.13(b)(6); *see United States v. Jeanville*, No. 21-20126, 2025 WL 92376, at *3 (S.D. Fla. Jan. 14, 2025) ("[U.S.S.G. § 1B1.13(b)(6)] does not apply to . . . Amendment 829."). It further states, "[e]xcept as provided in subsection (b)(6), a change in the law (including an amendment to the [U.S.S.G.] that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement." U.S.S.G. § 1B1.13(c).

For all these reasons, the Court is unpersuaded Amendment 829 is an extraordinary and compelling reason warranting a sentence reduction.

4

### 2. *Whether Carter's rehabilitative efforts constitute extraordinary and compelling reasons*

Carter also maintains his completion of educational programs while in custody is an extraordinary and compelling reason for compassionate release. The government, however, insists rehabilitation alone is insufficient to meet this threshold.

Although Carter has completed several rehabilitative programs for which the Court commends him, as the government aptly notes, such strides fail to warrant a sentence reduction. *See* 28 U.S.C. § 994(t) (explaining "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason"). The Court is therefore unable to conclude Carter's rehabilitative efforts constitute extraordinary and compelling reasons for compassionate release.

### B. *Whether the Section 3553(a) factors weigh in favor of a sentence reduction*

Even if the Court determined extraordinary and compelling reasons exist in this case, analysis of the Section 3553(a) factors would nevertheless preclude any reduction in Carter's sentence. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining the Court may grant compassionate release only "after considering the factors set forth in [S]ection 3553(a) to the extent that they are applicable"). These factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes by the defendant;
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for [the offense] . . . ;
(5) any pertinent policy statement . . . issued by the Sentencing Commission . . . [;]

>   (6)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>   (7)   the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Carter, a convicted felon, pled guilty to serious offenses. Based on information obtained by federal law enforcement, Carter was identified as a suspect in numerous shooting incidents that caused property damage and resulted in injuries to five victims, at least four of whom were minors. He had an established social media presence brandishing firearms and sums of cash. And, during the underlying traffic stop, he was found to be in possession of two pistols, one of which had been reported stolen; fifteen rounds of ammunition; several bags of marijuana; and a digital scale.

Carter has a criminal history including convictions for first-degree assault and battery and possession of a stolen vehicle. At the time of his arrest, Carter was on state probation for these offenses. He had previously been arrested for grand larceny and two counts of attempted murder. And, he has pending state charges for murder, two counts of attempted murder, two counts of possession of a weapon during a violent crime, assault and battery of a high and aggravated nature, discharging a firearm into a dwelling, criminal conspiracy, and felon in possession of a firearm.

As the Court mentioned above, Carter has taken steps toward rehabilitating himself while in custody. Although the Court is pleased with Carter's rehabilitative efforts and encourages him to continue them, he has done no more than the Court hopes of every defendant. *Cf.* 28 U.S.C. § 994(t) (explaining "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason").

Thus, upon balancing the Section 3553(a) factors, the Court determines Carter is unentitled to a sentence reduction. His current sentence is sufficient but no longer than necessary to promote

respect for the law, provide adequate deterrence, and reflect the seriousness of his offense, and it is a just punishment in this case. The Court will therefore deny his motions.

## V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Carter's motions for compassionate release, ECF Nos. 133 and 136, are **DENIED**.

**IT IS SO ORDERED.**

Signed this 20th day of November 2025, in Columbia, South Carolina.

s/Mary Geiger Lewis<br>
MARY GEIGER LEWIS<br>
UNITED STATES DISTRICT JUDGE

7